Filed 3/18/14  P. v. Stephens CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C074032 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF13116) |
| v. | |
| GARY LEE STEPHENS, JR., | |
| Defendant and Appellant. | |

On February 21, 2013, defendant Gary Lee Stephens, Jr., was at his aunt's home. Defendant called his mother to pick him up; when she refused, defendant became angry, slamming the phone down so hard he broke the phone.  Defendant began yelling at his aunt and "kicking around" nearby items.  When his aunt's boyfriend, Marvin B., attempted to calm defendant, defendant pulled a pocketknife out of his pocket and challenged Marvin B. to a fight.  Marvin B. grabbed defendant by the throat and defendant stabbed him in the abdomen with the knife.  Marvin B. and defendant continued to fight until Marvin B. told defendant's aunt to call 911.

1

A sheriff's deputy responded to the 911 call and found defendant standing in his aunt's driveway with his hands in the air. Defendant pointed toward a chicken coop and told the sheriff the knife was " 'over there.' " Defendant was arrested and charged in Yuba County Superior Court case No. F-13-00116 with assault with a deadly weapon, during the commission of which defendant personally inflicted great bodily injury on his victim, and vandalism.

Defendant subsequently pled no contest to assault with a deadly weapon and admitted inflicting great bodily injury on his victim. In exchange for his plea, the remaining charge was dismissed with a *Harvey*[1] waiver. On the People's motion, the trial court also dismissed, with a *Harvey* waiver, the misdemeanor charges pending in Yuba County Superior Court case No. 13-009, and found defendant in violation of his probation in Yuba County Superior Court case No. 11-0056.

As part of his plea agreement, judgment and sentencing on defendant's conviction was continued "to a date in the future" to allow him to complete a six-month residential drug rehabilitation program. If he completed that program, he would "be permitted to apply for probation and argue for an unusual case finding." If, however, defendant failed to complete that program, he would face a sentence of seven years in state prison. Defendant acknowledged those conditions of his plea. As part of the plea, defendant also agreed to waive all of his custody credits.

On April 17, 2013, approximately five weeks after entering his plea, defendant was removed from the residential rehabilitation program for threatening violence to other participants.

On May 13, 2013, the trial court sentenced defendant to seven years in state prison. Defendant was ordered to pay various fines and fees, including direct restitution

---

[1] *People v. Harvey* (1979) 25 Cal.3d 754.

2

to his aunt as well as to Marvin B.  The court also terminated defendant's probation in case No. 11-0056 as "unsuccessful."  In case No. 11-0056, defendant was also ordered to pay the previously stayed $100 probation revocation fine, along with the mandatory court security fee and conviction assessment.

Defendant appeals without a certificate of probable cause.

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days elapsed, and we received no communication from defendant.

We have reviewed the record in its entirety and found clerical errors.  Included in the imposed fines and fees was the $100 probation revocation fine previously stayed in case No. 11-0056.  That fine was omitted from the abstract of judgment.  We shall direct the trial court to prepare a corrected abstract.

We also note that in case No. 11-0056, the trial court purported to impose the mandatory court security fee and conviction assessment.  These are mandatory fines imposed at sentencing.  Thus, we presume the trial court correctly performed its duty when defendant was sentenced in that matter.  As they are not reflected in the abstract or the sentencing minutes, corrections need to be made.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The trial court is directed to correct the abstract of judgment as stated above.  The judgment is affirmed.

3

                              _____ROBIE_____, J.


We concur:


_____RAYE_____, P. J.


_____MAURO_____, J.


4